IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA G. SHIVE, | § | |
| *Plaintiff*, | § | |
| v. | § | Civil Action No. 3:17-cv-2355 |
| | § | |
| MERRIAM INVESTMENTS, LLC, | § | |
| ELTMAN LAW, P.C., | § | |
| CAITLIN BOYLE,   and | § | |
| MERRIMAN INVESTMENTS, LLC | § | |
| *Defendants*. | § | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## 1. PARTIES

**1.1.** The **Plaintiff** is Alicia G. Shive, a resident of the Northern District.

**1.2. Defendant** Merriam Investments, LLC is not a Texas LLC nor qualified to do business in Texas, and, upon belief, is a fictitious name used by (i) **Defendant** Caitlin Boyle, an individual and resident of New Jersey, (ii) **Defendant** Eltman Law, P.C., (f/k/a Eltman, Eltman & Cooper, P.C.), a New York corporation, and (iii) **Defendant** Merriman Investments, LLC, a limited liability company owned by the Boyle family, residents of New Jersey. Merriam Investments, LLC is represented by Nicole Hillman, 2437 Bay Area Blvd, Ste. 169, Houston, Texas, 77058.

## 2. SUMMARY OF ACTION

**2.1.** The defendants attempted to unlawfully collect over $100,000.00 in interest on an alleged debt of approximately $10,000.00.

**2.2.** Plaintiff, Alicia Shive pleads the following actions:

1. **15 U.S.C. § 1692k CIVIL LIABILITY**......................at page 4
2. **USURY** ........................................................................at page 5

### 3. JURISDICTION

**3.1.** The U.S. District Court has Federal Question jurisdiction over this case pursuant to 28 U.S.C. §1331, Supplemental jurisdiction pursuant to 28 U.S.C. §1367(a), and Diversity jurisdiction pursuant to 28 U.S.C. §1332.

### 4. VENUE

**4.1.** Pursuant to 28 U.S.C. § 1391(b)(2) venue is proper in a judicial district in which a substantial part of the events giving rise to the claim occurred.

**4.1.1.** A substantial part of the events giving rise to the claims pleaded in this suit occurred in the Northern District of Texas, including attempts to collect the unlawful interest from the plaintiff in the Northern District of Texas.

**4.1.2.** The defendants filed papers, signed by defendant Caitlin Boyle, filed by defendant Eltman Law, P.C, in official state offices located in the Northern District, to effectuate the collection of the purported debt subject of this suit in the name of Merriam Investments, LLC.

**4.2.** Also, pursuant to 28 U.S.C. § 1391(c)(2) an entity with the capacity to sue and be sued in its common name shall be deemed to

reside, (and therefore venue proper pursuant to section 1391(b)(2)) in any judicial district in which such defendant is subject to the courts personal jurisdiction with respect to the civil action in question. Pursuant to § 1391(d), in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

 **4.2.1.** The contacts of the defendants in the Northern District of Texas would be sufficient to subject it to personal jurisdiction if the district were a separate State.

 **4.2.2.** The defendants actively engage in debt collection in the Northern District of Texas and, directly and through agents, attempt to collect debts in the Northern District of Texas on a regular basis.

 **4.2.3.** Further, the defendants purchase debt from companies doing business in the Northern District of Texas and, upon belief, regularly purchase debt of residents of the Northern District of Texas.

 **4.2.4.** The defendants took the collection actions complained of in this suit in the Northern District of Texas.

## 5. FACTUAL BACKGROUND

**5.1.** The Plaintiff, ("Shive"), had a credit card, used for personal purposes, for which she was *alleged* to owe an outstanding balance of $10,000.00.

**5.2.** The defendants took Shive's credit card account for collection *after her account was in default*, and then attempted to collect over **a hundred thousand Dollars in interest** on the approximately ten thousand Dollar purported debt.

## 6. COUNT I

## 15 U.S.C. § 1692K CIVIL LIABILITY

**6.1.** The defendants are debt collectors who use instrumentalities of interstate commerce and the mails in its businesses, the principal purpose of which is the collection of debts. The defendants are in the debt collection business and attempt to collect on the debt of other lenders from purported debtors. The defendants regularly use the US mail to collect such third party debt. The defendants regularly attempt to collect, both direct, and through assignment of the debt, the debts due an original creditor other than the defendants. The defendants took the plaintiff's purported debt for collection, after the plaintiff's account was already in default.

**6.2.** The defendants use unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f. The defendant's unfair and unconscionable means used against Shive include the following:

**6.2.1.** The defendants charged over $100,000.00 interest on an alleged approximate $10,000.00 debt. The interest charged is unlawful and, accordingly, is a *per se*, unfair and unconscionable collection practice.

**6.3.** Upon belief, the defendants also violated 15 U.S.C. § 1692e by using an organization name other than the true name of the debt collector's business, company or organization.

**6.4.** Because of the preceding unlawful, unfair, fraudulent, and unconscionable means used by the defendants to collect a purported debt from Shive, Shive has suffered actual damages including reputation loss and emotional distress as well as attorneys fees and costs to defend the collection efforts of the defendant.

## 7.  COUNT II
## USURY

**7.1.** Pursuant to Texas law, a party may recover statutory damages for the unlawful charge of interest where (1) interest is charged exceeding the maximum allowed by law; and (2) the charge is communicated to the debtor.

**7.2.** The maximum lawful post-judgment interest allowed by law is 18% per year, in any circumstance.[1] Where a contract does not provide for a higher rate of interest, over the past decade the maximum lawful rate of post-judgment interest has been 5% per year.

---

[1] Tex. Fin. Code 304.002

**7.3.** Shive had a credit card under which she had an absolute obligation to repay the principal balance of her credit account.  On or about September 2, 2016, the defendants secured an execution, which was subsequently served upon Shive, to collect over $100,000.00 dollars <u>in post-judgment interest</u> on an alleged credit card principal balance of about $10,000.00—an amount of interest far, far, above the lawful limit.

## 8. OTHER MATTERS

**8.1.**  Pursuant to Fed.R.Civ.P. 38, the plaintiff respectfully demands a jury trial.

**8.2.**  All conditions precedent have occurred or have been performed.

**8.3.**  Any inconsistent claims or allegations are pled in the alternative.

## 9. PRAYER

**9.1. Actual Damages**

    **9.1.1.** Plaintiff prays for recovery against the defendants, for the damages caused, as pleaded above.

**9.2. Exemplary and Statutory Damages**

    **9.2.1.** Plaintiff further prays for recovery against the defendants, for statutory damages as follows:

        **9.2.1.1.**  Statutory damages pursuant to 15 U.S.C. § 1692k, including all of the unauthorized interest and charges;

        **9.2.1.2.**  Statutory damages pursuant to Texas Finance Code § 349.001(a)(1), including twice the amount of the interest charged.

**9.3. Injunctive Relief**

**9.3.1.** The plaintiff further prays for injunctive relief against the defendants, to cease and desist from the defendants' unlawful collection efforts against the plaintiff and attempts to collect usurious interest.

**9.4. Attorney's Fees**

**9.4.1.** The plaintiff further prays for an award of attorney's fees as allowed by law, including pursuant to Texas Finance Code § 349.001(a)(2), state law, and pursuant to 15 U.S.C. § 1692k(a)(3).

**9.5. Interest, costs and other relief**

**9.5.1.** Plaintiff further prays for an award of pre and post-judgment interest as allowed by law, all costs of court, and for any other relief, both special and general to which she may be justly entitled, including in damages and equitable relief.

Respectfully submitted,

*/s/ Gary Schepps*

Gary N. Schepps
Texas Bar No. 00791608
Drawer 670804
Dallas, Texas 75367
(972) 200-0000 - Telephone
(972) 200-0535 - Facsimile
legal@schepps.net
**Counsel for ALICIA G. SHIVE**