# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA G. SHIVE, <br> Plaintiff, <br><br> v. <br><br> MERRIAM INVESTMENTS, LLC, ELTMAN LAW, P.C., CAITLIN BOYLE, and MERRIMAN INVESTMENTS, LLC., <br> Defendants. | § § § § § § § § § § | CASE NO. 3:17-CV-2355-S |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [ECF No. 7]. For the following reasons, the Court denies the Motion.

## I. BACKGROUND

Pursuant to Special Order 3-318, this case was transferred from the docket of Chief Judge Barbara M.G. Lynn to the docket of this Court on March 8, 2018.

This dispute arises from an attempt to collect post-judgment interest. The factual background provided by Plaintiff Alicia G. Shive ("Shive") in her Complaint is limited. Shive alleges that she "had a credit card, used for personal purposes, for which she was alleged to owe an outstanding balance of $10,000.00." Compl. ¶ 5.1. According to Shive, "[D]efendants took Shive's credit card for collection after her account was in default, and then attempted to collect over a hundred thousand [d]ollars in interest on the approximately ten thousand [d]ollar purported debt." *Id.* ¶ 5.2.

Shive brings a claim against Defendants under the Fair Debt Collection Practices Act ("FDCPA"). Shive alleges that Defendants use unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692f. Compl. ¶ 6.2.1. Shive contends that Defendants charged more than $100,000.00 in interest on an alleged approximate $10,000.00 debt, which Shive contends "is a per se, unfair and unconscionable collection practice." *Id.* Shive further alleges that Defendants violated 15. U.S.C. 1692e by "using an organization name other than the true name of the debt collector's business, company or organization." *Id.* ¶ 6.3.

Shive also brings a state law claim against Defendants for usury. Shive alleges that the maximum lawful post-judgment interest rate allowed by law is 18 percent per year, in any circumstance. Compl. ¶ 7.2. According to Shive, Defendants' attempt to collect more than $100,000.00 in post-judgment interest is an amount far above the lawful limit. *Id.* ¶ 7.3.

Shive requests actual damages, exemplary and statutory damages, injunctive relief, attorney's fees, interest, costs, and other relief. *Id.* ¶¶ 9.1-9.5.

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), arguing that Shive's claims are barred by the *Rooker-Feldman* doctrine. Mot. 9. In the alternative, Defendants move to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Id.* at 12. Defendants assert that Shive's claims are barred by (1) res judicata and/or collateral estoppel, (2) waiver, and (3) the doctrine of laches. *See id.* at 12-16.

## II. LEGAL STANDARD

### *A. Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the jurisdictional allegations are sufficient, the complaint stands. *Id.* If the defendant supports the motion to dismiss with affidavits, testimony, and other evidentiary materials, the attack is "factual." *Id.* When a factual attack is asserted, the plaintiff must come forward with proof and demonstrate by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

### *B. Rule 12(b)(6)*

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require

probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). However, the court may also consider documents outside of the pleadings if they fall within certain limited categories. First, the "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, the "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Third, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (internal citations omitted); *see also, e.g., Funk*

*v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand." (internal citations omitted)).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

### III. ANALYSIS

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court must consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161.

#### *A. Rule 12(b)(1) Motion*

Defendants move to dismiss Shive's claims for lack of subject matter jurisdiction, arguing that Shive's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action" where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The Fifth Circuit has described the doctrine as comprising four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district proceedings began; and (4) the federal suit requests review of the state-court judgment. *Burciaga*

*v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). *Rooker-Feldman* prohibits federal court review of claims that are "inextricably intertwined" with a state court decision. *Id.* (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)). The Supreme Court has cautioned that in light of the "narrow ground" *Rooker-Feldman* occupies, it does not prohibit a plaintiff from "present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Exxon Mobil Corp.*, 544 U.S. at 284, 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

Defendants argue,

> Shive's claims fall squarely within *Rooker-Feldman*. The thrust of Shive's claims throughout her Complaint is that the post-judgment interest was unlawful, and that the Defendants then wrongfully charged and attempted to collect that allegedly usurious post-judgment interest from her through a writ of execution. Further, as one of the remedies she is seeking in this lawsuit, Shive not only asks that she be awarded "all of the unauthorized interest and charges" and "twice the amount of the interest charged," but she also specifically asks this Court to enter an injunction against Defendants that enjoins them from attempting to collect the post-judgment interest debt from her. Thus, Plaintiff seeks in this federal court proceeding to undo a final state court judgment.

Mot. 9-10 (internal citations omitted). According to Defendants, Shive's claims, requests for damages, and request for injunctive relief are "inextricably intertwined" with the state court's Agreed Final Judgment awarding the post-judgment interest and authorizing the use of all writ of execution powers and other process necessary to enforce the judgment. *Id.* at 10.

Although not mentioned by Shive in her Complaint, Defendants assert that the post-judgment interest rate upon which Shive's claims are based is actually a rate that was awarded by the state court in an Agreed Final Judgment. *Id.* at 2; *see also* Defs.' App. Ex. A. According to Defendants, in 2005, CACV of Colorado, LLC ("CACV") filed a suit in state court against Shive to confirm an arbitration award that issued against her. Mot. 3. Defendants assert that Shive and CACV settled the case and, on October 31, 2006, the Presiding Judge of County Court at Law No.

3 of Tarrant County, Texas entered an Agreed Final Judgment in the case. *Id.* According to Defendants, the Agreed Final Judgment, which was signed by Shive as part of the settlement, confirmed the arbitration award, granted judgment against Shive in the amount of $11,785.33, awarded prejudgment interest at the contractual rate of 24.98 percent, and awarded post-judgment interest at the contractual rate of 24.98 percent per annum compounded annually. *Id.* at 3-4; *see also* Defs.' App. Ex. A. In addition, Defendants assert that the Agreed Final Judgment ordered: "Plaintiff shall have all writ of execution powers and other process necessary to enforce this judgment." Mot. 4; *see also* Defs.' App. Ex. A.

According to Defendants, CACV assigned all title, right, and interest in the Agreed Final Judgment to Defendant Merriman Investments, LLC, and an Assignment of Judgment signed by Defendant Caitlin Boyle was filed with the Tarrant County Clerk. Mot. 4; *see also* Defs.' App. Ex. B. Defendants assert that thereafter, they secured a writ of execution, which was mailed to Shive, to collect more than $100,000.000 in post-judgment interest. Mot. 4; *see also* Defs.' App. Ex. C. The writ of execution named "Merriam Investments, LLC" as the assignee of the state court judgment. *See* Defs.' App. Ex. C. Defendants argue that this is a "typographical error resulting in the misnomer of the assignee's name" made by the Tarrant County Clerk. Reply 3.

In response, Shive argues that Defendants "attempted to execute upon a fictitious, non-existent judgment in the name of a fictitious entity." Resp. 8. Shive challenges the entry of the Agreed Final Judgment as well as the assignment of the Agreed Final Judgment to Defendants. *See id.* at 8-11. Shive's argument on this point appears to be problematic given the copies of the Agreed Final Judgment, Assignment of Judgment, and Writ of Execution filed as exhibits by Defendants. *See* Defs.' App. Exs. A-C. Furthermore, a public case records search of the underlying state court action in the Tarrant County Court at Law No. 3 supports Defendants'

position. *See* Register of Actions, Case No. 2005-037315-S, https://odyssey.tarrantcounty.com/PublicAccess/CaseDetail.aspx?CaseID=4441308 (last visited Sept. 24, 2018).

Whether or not the Agreed Final Judgment and Assignment of Judgment are fictitious does not need to be resolved to continue with the analysis. The *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp*, 544 U.S. at 284. Shive is "not seeking review and rejection of [a losing state court] judgment." *Id.* at 291. Rather, Shive asserts an independent claim "to address the [D]efendants' efforts to collect on a credit card debt through a fictitious entity. Shive does not challenge or seek review of any state court ruling or judgment." Resp. 19. Courts have consistently held that when a plaintiff is not challenging the validity of the debt, but rather the debt collection practices of the creditor, the claim is independent from the state court action and the *Rooker-Feldman* doctrine does not apply. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 794-95 (S.D. Tex. 2010) (collecting cases). Moreover, the relief requested by Shive does not include setting aside the Agreed Final Judgment in its entirety—Shive requests damages and injunctive relief from "[D]efendants' unlawful collection efforts" and "attempts to collect usurious interest." Compl. ¶ 9.3.1.

Given the narrow scope of the *Rooker-Feldman* doctrine, and considering that "granting the requested relief does not actually require appellate-type review or invalidation of the [state court] judgment," the Court finds that Shive's claims are not barred by *Rooker-Feldman*. *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011); *see also Naranjo*, 679 F. Supp. at 795 (holding that *Rooker-Feldman* does not deprive the court of subject matter jurisdiction where plaintiff "is not asking this Court to review or reject the state default judgment itself," but rather

"is complaining about Defendants' alleged practices of . . . committing numerous violations under the [FDCPA] and state law."); *cf. Morris v. Am. Home Mortg. Servicing, Inc.*, 443 Fed. Appx. 22, 24 (5th Cir. 2011) (holding that plaintiff's unlawful debt collection practices claims were barred by *Rooker-Feldman* because, "crucially, the only relief he sought was the setting aside of the state foreclosure judgment and staying of the execution of the writ of possession.").

The Court denies Defendants' 12(b)(1) motion to dismiss.

### *B. Rule 12(b)(6) Motion*

In the alternative, Defendants move to dismiss Shive's claims for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Defendants argue that Shive's claims are barred by (1) res judicata and/or collateral estoppel, (2) waiver, and (3) the doctrine of laches. Each of Defendants' grounds for dismissal for failure to state a claim presume the existence and entry of a valid Agreed Final Judgment in state court. *See, e.g., id.* at 13 ("[Shive] is contesting eleven years after-the-fact the state court's award of the 24.98% post-judgment interest rate in its Agreed Final Judgment that she, herself, signed."). Shive, however, makes no mention of an Agreed Final Judgment in her Complaint, asserting only that Defendants "attempted to unlawfully collect over $100,000.000 in interest on an alleged debt of approximately $10,000.00." Compl. ¶ 2.1. Furthermore, Shive challenges the entry of the Agreed Final Judgment and the assignment of the judgment to Defendants. *See* Resp. 4-5.

A Rule 12(b)(6) motion is not the proper vehicle for the resolution of factual disputes. In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its review to the face of the pleadings. *See Spivey*, 197 F.3d at 774. While the "[C]ourt may consider documents attached to a motion to dismiss," they must be "referred to in the plaintiff's complaint" and "central to the plaintiff's claim." *Sullivan*, 600 F.3d at 546 (internal quotation and citation omitted). Given that Shive's

Complaint does not make mention of the Agreed Final Judgment, Assignment of Judgment, or Writ of Execution, the Court declines to consider the documents attached as exhibits to Defendants' motion. The Court also declines to *sua sponte* convert Defendants' motion to dismiss under Rule 12(b)96) to a motion for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2018).

Defendants do not challenge the sufficiency of Shive's Complaint under 12(b)(6). *See* Mot. 12-16. Therefore, the Court will not evaluate if Shive has alleged sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court denies Defendants' 12(b)(6) motion to dismiss. Whether or not Shive has sufficient evidence to support her FDCPA and usury claims may be determined at either the summary judgment stage or at trial.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**SO ORDERED.**

SIGNED September 26, 2018.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE